IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHELLEY RAE MEECE, | ) | Case No. 05-46468-ABF |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TIMOTHY EARL MEECE, | ) | Adversary No. 05-4199-ABF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| SHELLEY RAE MEECE, | ) | |
| Defendant. | ) | |

ORDER DENYING DISCHARGE

Plaintiff Timothy E. Meece filed this adversary complaint seeking to deny the discharge of his estranged wife, Debtor Shelley Rae Meece. A hearing was held on March 15, 2006, at which both parties appeared *pro se*. This is a core proceeding under 28 U.S.C. 157(b)(2)(J) over which the Court has jurisdiction pursuant to 28 U.S.C. 1334(b),157(a), and 157(b)(1). These are my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, judgment will be entered in favor of the Plaintiff, denying the Debtor her discharge.

By way of background, the parties are involved in a contentious dissolution proceeding. Tim receives a pension as a retired member of the military. Both parties agree that, upon dissolution, Shelley will by law be entitled to a share of that pension, to be paid to her directly by the government. In the meantime, Shelley, with the assistance of counsel,

filed this bankruptcy proceeding on September 12, 2005. The Section 341 Meeting of Creditors was held on October 18, 2005, and Shelley was questioned there by both Trustee and Tim.[1] Thereafter, Tim filed this Complaint objecting to her discharge.

Section 727(a)(4) of the Bankruptcy Code provides that the Court shall deny a discharge to a debtor who "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." Tim, as the objecting party, bears the burden of proving that Shelley: (1) made a statement under oath; (2) which was false; (3) knowing that it was false; (4) with the intent to defraud creditors and the estate; and (5) that the statement was material to the bankruptcy case.[2] The subject matter is material if it concerns the discovery of assets or the existence and disposition of estate property.[3]

The provisions of Section 727 are strictly construed in the debtor's favor, while remaining cognizant that that section exists to prevent a debtor's abuse of the Bankruptcy Code.[4] The objecting party must prove each element of § 727(a)(4) by a preponderance of the evidence.[5]

To meet his burden at trial, Tim offered evidence based on various misstatements

---

[1] I take judicial notice of the transcript of the Section 341 Meeting, Doc. # 15, Case No. 05-46468. *Accord In re Davis*, 93 B.R. 501, 503 (Bankr. S.D. Tex. 1987) (court taking judicial notice of transcript of debtor's § 341 meeting of creditors).

[2] *In re Sholdra*, 249 F.3d 380, 382 (5th Cir. 2001).

[3] *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *Ellsworth v. Bauder (In re Bauder)*, 333 B.R. 828 (B.A.P. 8th Cir. 2005)

[4] *Fox v. Schmit (In re Schmit),* 71 B.R. 587, 589-90 (Bankr. D. Minn. 1987).

[5] *Korte v. Internal Revenue Serv.,* 262 B.R. 464, 471, (B.A.P. 8th Cir. 2001).

made by Shelley in her bankruptcy schedules. Many of the misstatements do not concern the discovery of assets or the existence and disposition of estate property. However, the Schedules do contain significant omissions with respect to jewelry.

Shelley lists no jewelry at all in her schedules. At the Section 341 Meeting of Creditors, Shelley was asked by the Trustee if she owned any jewelry, and she initially replied that she owns a bracelet and a pair of earrings. She then referred to having a ring that her grandmother "let me be married in."[6] Eventually, Shelley testified that she had traded in some jewelry that Tim had purchased for her in exchange for a dinner ring. The trustee requested that she amend her schedules to list all assets.[7] No such amendment has been filed as to the jewelry.

The evidence at trial shows that Shelley purchased the dinner ring from Helzberg's Jewelers on or about June 13, 2005.[8] The evidence shows that the price of the ring was approximately $6000. Shelley obtained the ring by trading in the wedding set given to her by Tim and some other items, with a combined value of approximately $3000. The balance of the purchase price was represented by a promissory note which, as of the date of the bankruptcy, had a balance of $3292.45.[9] Even though the ring is not listed as an asset on her

---

[6] Doc. #15 at p. 3.

[7] Doc. #15 at p. 7.

[8] Def. Ex. 2.

[9] I note that, in Missouri, a debtor may claim as exempt property "[a] wedding ring not to exceed one thousand five hundred dollars in value and other jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed five hundred dollars in value in the aggregate. . ." R.S.Mo. 513.430.1(2). Thus, the debtor would have been entitled to an exemption of $500 for all her jewelry.

bankruptcy schedules, Shelley testified that she advised her attorney of the existence of the ring, and of the obligation to Helzberg's. Shelley might argue that this testimony is supported by the fact that Helzberg's is listed as an unsecured creditor in the case. However, the fact that she listed Helzberg's, so as to discharge any obligation to them, does not mean that she advised her attorney of any of the several pieces of jewelry owned and held by her at the time the case was filed. I find, based on my observation of her testimony, as well as my review of the transcript of the Section 341 Meeting, that Shelley's failure to list any jewelry on her schedules was a knowingly false statement, made with the intent to defraud creditors and the estate, and that such false statement was material to the bankruptcy case.

Accordingly, the Clerk of Court is ORDERED to enter judgment in favor of Plaintiff, denying a discharge to Debtor Shelley Rae Meece.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: March 27, 2006

COURT TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE